UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER G. LEWIS,

    Plaintiff,

    v.

WILLIAM HYATTE, et al.,

    Defendants.

CAUSE NO.: 3:19-CV-779-JD-MGG

## OPINION AND ORDER

Christopher G. Lewis, a prisoner without a lawyer, filed a complaint regarding a lack of access to the law library at the Miami Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Lewis alleges that, on August 19, 2019, he was reassigned to a cellhouse with a higher security level because he had been issued a disciplinary conduct report. Inmates in this cellhouse have only a limited ability to conduct legal research.

Specifically, inmates are allowed to request materials from the law library only once per week. This practice prevents inmates from obtaining substantive responses unless they know in advance which legal materials they need. On August 22, Lewis told Counselor Sterling that he needed access to the law library due to a pending deadline for a lawsuit filed in the United States District Court for the Southern District of Indiana. Counselor Sterling refused to allow him to go to the law library. Lewis also wrote letters to Warden Hyatt, Heishman, A. Clark, and N. Angle about his lack of access. However, Lewis missed his deadline to file a response, and summary judgment was entered against him on September 3. He also has upcoming deadlines for other lawsuits in October and November.

Lewis asserts that prison officials violated his right of access to the courts by limiting his ability to conduct legal research. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). "Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds). Lewis states that he has missed a meaningful court deadline and thus adequately alleges prejudice to a potentially meritorious claim.

Lewis asserts this claim against six defendants. "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Lewis does not allege that Deputy Warden Hawk is personally involved. Though the allegations suggest that Warden Hyatte, Heishman, Clark, and Angle had some

3

involvement when Lewis wrote to them about his inability to conduct research, these allegations do not suggest these defendants intentionally denied him access to the courts, so Lewis may not proceed against them on claims for money damages. Nevertheless, Lewis states a plausible denial of access to the courts claim against Counselor Sterling.

Lewis also seeks injunctive relief for access to the law library and has filed a motion for a preliminary injunction. Because the Prison Litigation Reform Act limits the court's authority to grant injunctive relief in this case, the injunctive relief, if granted, will be limited to requiring correctional officials to provide medical treatment for the sciatic nerve condition as required by the Eighth Amendment. *See Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Further, the Warden of the Miami Correctional Facility, has both the authority and the responsibility to ensure that Lewis has adequate access to the law library. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Lewis may proceed against Warden Hyatte in his official capacity the injunctive relief claim. Further, Warden Hyatte is the proper party to respond to the motion for a preliminary injunction.

Lewis further asserts that the lack of access to the law library violates his rights under the Equal Protection Clause. To proceed on a claim under the Equal Protection Clause, a plaintiff must demonstrate that he or she was treated different than other similarly situated individuals. *Chavez v. Illinois State Police*, 251 F.3d 612, 636 (7th Cir. 2001); *Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 944-45 (7th Cir. 1996). Though Lewis alleges that he was treated differently than similarly situated individuals, he does

4

not explain who these individuals are or how they are similarly situated. He further asserts that he was deprived of access in retaliation for filing lawsuits in violation of his First Amendment rights. To prevail on his First Amendment retaliation claim, a plaintiff must show that his or her First Amendment activity was "at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Here, there are no factual allegations to suggest that Lewis' lawsuits motivated Counselor Sterling's denial of access or that any of the other defendants were even aware of them. Finally, Lewis asserts that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, but depriving inmates of access to a law library, by itself, simply does not rise to the level of an Eighth Amendment violation. *See e.g., Hudson v. McMillian*, 503 U.S. 1 (1992); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Gregg v. Georgia*, 428 U.S. 153 (1976). Therefore, Lewis may not proceed on these claims.

For these reasons, the court:

(1) GRANTS Christopher G. Lewis leave to proceed on a claim for money damages against Counselor Sterling for denying him access to the courts claim by denying his request to go to the law library on August 22, 2019;

(2) GRANTS Christopher G. Lewis leave to proceed on an injunctive relief claim against Warden Hyatte in his official capacity to obtain the access to the law library to which he is entitled under the First and Fourteenth Amendments;

(3) DISMISSES Sharon Hawk, Heishman, A. Clark, and N. Angle;

(4) DISMISSES all other claims;

5

(5)  DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden Hyatte and Counselor Sterling at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d);

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Hyatte and Counselor Sterling to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Christopher G. Lewis has been granted leave to proceed in this screening order; and

(7) ORDERS Warden Hyatte to file a response to the motion for a preliminary injunction by October 21, 2019.

SO ORDERED on September 23, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT