UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER G. LEWIS,

    Plaintiff,

    v.

WILLIAM HIATT, et al.,

    Defendants.

CAUSE NO.: 3:19-CV-779-JD-MGG

OPINION AND ORDER

Christopher G. Lewis, a prisoner without a lawyer, filed a motion for a preliminary injunction, seeking access to the law library in order to satisfy deadlines in October and November 2019 for two cases. In response, the Warden represents that Lewis has been allowed nineteen hours of time in the law library since initiating this case. The Warden further represents that limited access to the law library did not prevent Lewis from satisfying deadlines.

The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir.1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm

the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

Lewis currently proceeds on claims that he was denied access to the courts in violation of the First and Fourteenth Amendment. ECF 6. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). However, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). "Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds).

In the instant motion, Lewis alleged that his inability to access the law library would prevent him from satisfying three deadlines in two cases: *Lewis v. Zatecky*, 1:18-cv-593 (S.D. Ind. filed Feb. 28, 2018); and *Lewis v. Talbot*, 1:18-cv-705 (S.D. Ind. filed March 7, 2018). Specifically, in *Zatecky*, Lewis had a deadline of October 9, 2019, to file a response to a motion for summary judgment. However, the electronic docket for that case indicates that Lewis filed his response two days before this deadline expired,

which establishes that limited access to the law library did not prevent him from satisfying this deadline. Further, the response memorandum is typed, legible, and rife with citations to relevant law and the evidentiary record. The quality of the response memorandum along with the law library logs provided by the Warden suggest that Lewis had ample access to the law library.

Additionally, in *Talbot,* Lewis had a deadline of November 1, 2019, to depose a non-party witness and a deadline of November 8, 2019, to file a motion for summary judgment. In that case, the electronic docket indicates that Lewis was not able to meet these deadlines for reasons unrelated to law library access. Specifically, Lewis filed a motion to extend the deposition deadline on the basis that he had insufficient funds and could not arrange a deposition until November 14. He later filed a motion to extend the summary judgment deadline on the basis that he needed additional time to complete discovery, and Southern District of Indiana summarily granted both of these motions.

Considering the foregoing, it is unclear why Lewis believes his access to the law library is inadequate or how limited access to the law library has prejudiced his claims in *Zatecky* and *Talbot.* Nor is it apparent that limited access to the law library would prejudice his claims going forward as the Southern District of Indiana seems willing to entertain and grant reasonable requests for extensions of time. Therefore, the court cannot find that Lewis is likely to succeed on the merits of his claims or that he will suffer irreparable harm without injunctive relief.

Finally, with respect to the competing and public interests, unnecessary intrusions into the management of prisons are generally disfavored. *See* 18 U.S.C. §

3626(a) (prison-related injunctions must be necessary to remedy the violation and narrowly tailored); *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) ("Prison officials have broad administrative and discretionary authority over the institutions they manage."). After considering the relevant factors, the court finds that Lewis has not demonstrated that he is entitled to injunctive relief, and the instant motion is denied.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 4); and

(2) DENIES as UNNECESSARY the motion to extend the deadline to respond to the motion for a preliminary injunction (ECF 12).

SO ORDERED on November 14, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT