UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER G. LEWIS, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-779-JD-MGG |
| WILLIAM HIATT, et al., | |
| Defendants. | |

OPINION AND ORDER

Christopher G. Lewis, a prisoner without a lawyer, filed a motion for leave to amend the complaint. At this stage of the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Reasons for finding that leave should not be granted include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

In the initial complaint, filed September 16, 2019, Lewis alleged that, on August 19, 2019, he was reassigned to a cellhouse with a higher security level because he had been issued a disciplinary conduct report. According to Lewis, inmates in this cellhouse have only a limited ability to conduct legal research. Specifically, inmates are allowed to request materials from the law library only once per week. This practice prevents

inmates from obtaining substantive responses unless they know in advance which legal materials they need. On August 22, Lewis told Counselor Sterling that he needed access to the law library to meet a deadline for a lawsuit filed in the United States District Court for the Southern District of Indiana, but Counselor Sterling refused to allow him to go to the law library. As a result, Lewis missed his deadline to file a response, and a decision was entered on September 3 in *Lewis v. Talbot*, 1:18-cv-705 (S.D. Ind. filed March 7, 2018), that will make it more difficult for him to obtain a favorable outcome in that case. Based on these allegations, the court allowed Lewis to proceed on claims that he was denied access to the courts in violation of the First and Fourteenth Amendment. ECF 6.

On September 16, 2019, Lewis also filed a motion for preliminary injunction, alleging that his inability to access the law library would prevent him from satisfying three other deadlines in two cases: *Talbot* and *Lewis v. Zatecky*, 1:18-cv-593 (S.D. Ind. filed Feb. 28, 2018). ECF 4. However, review of the electronic dockets in these cases revealed that, for each of these deadlines, Lewis was either able to meet the deadline or sought (and was granted) an extension of time for reasons that were unrelated to his ability to access the law library. As a result, this court found no indication of prejudice and denied the motion for preliminary injunction. ECF 14.

In the instant motion, Lewis seeks to amend his complaint to add other defendants, alleging that they too refused him access to the law library and caused him to miss the September 3 deadline to file reply briefs. In the proposed amended complaint, he continues to maintain that limited access to the law library resulted in the

court entering an order against him on September 3, which will be prejudicial to the outcome of the underlying case. To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions hindered efforts to pursue a non-frivolous legal claim, and that actual injury resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

In considering the instant motion, the court has reviewed the electronic docket for *Talbot*, which demonstrates that the failure to meet the September 3 deadline had no significant effect on the case. Specifically, on September 24, the Southern District of Indiana considered the untimely filings but reaffirmed its September 3 decision.[1] Consequently, it is unclear how Lewis is able to maintain in good faith that limited access to the law library affected the outcome of the September 3 order or otherwise prejudiced his case. Under the Federal Rules of Civil Procedure, the court may, after giving notice and a reasonable time to respond, "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). Because the untimely nature of his September 2019 filings did not affect the Southern District's decision on the September 3 order and thus

---

[1] Though Lewis continues to maintain that he had a September 3 deadline, the Southern District noted in this order that the reply briefs were due by August 23 rather than September 3.

did not prejudice Lewis' case, the court finds that summary judgment in favor of the defendants may be appropriate.

For these reasons, the court ORDERS Christopher G. Lewis to show cause by February 10, 2020, as to why the court should not enter summary judgment in favor of the defendants under Fed. R. Civ. P. 56(f).

SO ORDERED on January 9, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT