UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER G. LEWIS,

    Plaintiff,

    v.      CAUSE NO.: 3:19-CV-779-JD-MGG

WILLIAM HIATT, et al.,

    Defendants.

OPINION AND ORDER

Christopher G. Lewis, a prisoner without a lawyer, filed a motion for leave to amend his complaint. At this stage of the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Reasons for finding that leave should not be granted include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

On September 23, 2019, the court granted Lewis leave to proceed against Counselor Sterling for denying him access to the courts by denying him access to the law library and on an injunctive relief claim against Warden Hyatte to obtain law library access. On December 27, 2019, Lewis filed the instant motion, seeking to amend his complaint to add defendants to the interference with access to the courts claim and

alleging that missing a September 2019 deadline in *Lewis v. Talbot*, 1:18-cv-705 (S.D. Ind. filed March 7, 2018) caused the United State District Court for the Southern District of Indiana to deny his motion and substantially prejudiced his case. The court reviewed the electronic docket for that case and observed that, while Lewis missed the deadline, it had no significant effect on his case because, on September 24, 2019, the Southern District considered his untimely filings and reaffirmed its decision. Consequently, the court ordered Lewis to show cause as to why the court should not enter summary judgment in favor of the defendants under Fed. R. Civ. P. 56(f).

In response, Lewis concedes that he was unaware of the actual injury requirement for interference with access to the courts claims and that he did not suffer prejudice in *Talbot*. However, he argues that his payment of the filing fee in this case constitutes actual injury. This argument is without merit as controlling law dictates that a valid interference with access to the courts claim must include a plausible allegation of prejudice to a potentially meritorious claim. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir.2003) (overruled on other grounds). Moreover, as a practical matter, litigants cannot obtain constitutional standing merely by initiating a lawsuit and paying the filing fee. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Therefore, the court grants summary judgment on the interference with access to the court claim.

Lewis further responds that the court did not address his assertions in the proposed amended complaint that the defendants also violated his rights under the Equal Protection Clause and retaliated against him in violation of the First Amendment

2

by limiting his access to the lawsuit. While this is true, Lewis also represents that he intends to file another amended complaint. Consequently, the court grants him another opportunity to file an amended complaint and denies the instant motion.

As a final matter, the court notes that the proposed amended complaint contained a material misrepresentation that Lewis knew or should have known was false. Specifically, he represented, "Due to Lewis not being able to make a timely filing, judgment was entered against Lewis on two central issues that carried substantial weight to the Summary Judgment phase of a pending, ongoing case." As mentioned above, this allegation is flatly contradicted by the Southern District's order in which that court considered his untimely filings but reaffirmed its decision on those issues. Stated otherwise, the defendants' conduct and any untimeliness had no effect on the Southern District's decision. While the court will afford leeway to pro se litigants with respect to unintentional misstatements, Lewis is cautioned that if he knowingly makes false statements to the court in future filings, he may be subject to sanctions, including dismissal, fines, or filing restrictions.

For these reasons, the court:

(1) GRANTS summary judgment in favor of the defendants on the interference with access to the courts claim;

(2) DENIES as MOOT the motion for amend (ECF 18); and

(3) GRANTS Christopher G. Lewis until <u>June 3, 2020</u>, to file an amended complaint; and

(4) CAUTIONS Christopher G. Lewis that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on May 4, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT