UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER G. LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM HIATT, et al.,<br><br>Defendants. | CAUSE NO. 3:19-CV-779-JD-MGG |

OPINION AND ORDER

Christopher G. Lewis, a prisoner without a lawyer, filed a complaint regarding a lack of access to the law library at the Miami Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Lewis alleges that, on August 19, 2019, he was reassigned from the annex to the main facility because he had been issued a conduct report. When prisoners are sent into the main facility, they are housed in one of seven

units based on available bed space. Lewis was assigned to A cell house. In this cellhouse, inmates have only a limited ability to conduct legal research. Specifically, inmates are allowed to request materials from the law library only once per week. This practice prevents inmates from obtaining substantive responses unless they know in advance which legal materials they need. Only inmates in A cell have such limited access.

On August 22, Lewis told Counselor Sterling that he needed access to the law library due to a pending deadline for a lawsuit filed in the United States District Court for the Southern District of Indiana. Counselor Sterling refused to allow him to go to the law library. Lewis also wrote letters to Warden Hyatt, Legal Liaison Heishman, Classification Supervisor Clark, and Unit Team Manager Angle about his lack of access and asked to be moved to a housing unit with greater access. Warden Hyatt delegated the response to Deputy Warden Hawk, who refused. Angle also refused the request, but Heishman and Clark did not respond. The defendants routinely facilitate bed move requests for inmates. In a subsequent filing, Lewis notified the court that, on October 11, 2019, the defendants moved him to another cellhouse where he had sufficient access to the law library and that the temporary lack of access did not prejudice his pending lawsuits. ECF 27. For his claims, Lewis seeks money damages and injunctive relief.

Lewis asserts an Equal Protection claim against the defendants, alleging that they treated him differently than similarly situated inmates by limiting his access to the law library. He maintains that inmates who were moved into the other housing units due to conduct reports were similarly situated. Because Lewis does not suggest that the

defendants targeted him due to his membership in a suspect class, rational basis review applies. *See Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). "Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived." *Id.* To uphold governmental conduct under rational basis review, the court "need only find a reasonably conceivable state of facts that could provide a rational basis for the classification." *Indiana Petroleum Marketers & Convenience Store Ass'n v. Cook*, 808 F.3d 318, 322 (7th Cir. 2015). Notably, Lewis does not allege that any defendants were personally involved in moving him to A Cellhouse but that they refused to grant his requests for law library appointments or a move to another cellhouse. Further, the allegations do not suggest that Lewis was similarly situated to other inmates for purposes of obtaining a move to another cellhouse because those inmates may have been granted movement requests for more compelling reasons, including medical issues or a need for protection. However, the allegations do not suggest a rational basis for treating inmates in A Cellhouse differently than inmates in other cellhouses with respect to law library access, so Lewis may proceed on this component of his equal protection claim.

Next, the court must consider whether the amended complaint suggests that any defendants were personally involved in treating him differently than other inmates with respect to law library access. Lewis alleges that Counselor Sterling and Unit Team Manager Angle worked only in A Cellhouse and that all inmates from A Cellhouse had limited access to the law library. In other words, Lewis alleges that these defendants treated him the same way that they treated other inmates. Warden Hyatt's decision to

3

delegate the response to Deputy Warden Hawk does not suggest unlawful discrimination, and there are no allegations to suggest that Classification Supervisor Clark was personally involved in allowing other inmates greater access to the law library. However, given their positions, it is plausible that Deputy Warden Hawk and Legal Liaison Heishman allowed similarly situated inmates from other cellhouses to have greater access to the law library but denied such access to Lewis. Therefore, Lewis may proceed against these defendants on an equal protection claim under the Fourteenth Amendment.

Lewis asserts a First Amendment claim against the defendants, alleging that they retaliated against him for filing lawsuits by limiting his access to the law library and by refusing to move him to another housing unit. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). "To state a cause of action for retaliatory treatment, a complaint need only allege a chronology of events from which retaliation may be inferred." *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

Lewis alleges that correctional staff limited access to the law library for all inmates in A Cellhouse. Consequently, the court cannot infer that Lewis' lawsuits motivated the refusal to schedule him for a law library appointment. Further, filing a lawsuit does not entitle an inmate to special privileges within a correctional facility, so

4

the allegation that correctional staff denied a request in which he mentioned his lawsuit, without more, is not enough to reasonably infer a retaliatory motive. Moreover, the defendants' refusal to assist him with his lawsuit by moving him to another cellhouse does not constitute a deprivation that would likely deter future lawsuits. Lewis spent less than two months in A Cellhouse and has conceded that limited access to the law library did not prejudice his lawsuit. Therefore, Lewis may not proceed on a claim of First Amendment retaliation.

As a final matter, Lewis seeks injunctive relief. "If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Lewis now has access to the law library and no longer resides in A Cellhouse, and the amended complaint does not suggest that Lewis will be retransferred there. Therefore, his request for injunctive relief is moot.

For these reasons, the court:

(1) GRANTS the motion to extend the deadline to file an amended complaint (ECF 29);

(2) GRANTS Christopher G. Lewis leave to proceed on a claim for money damages against Deputy Warden Hawk and Legal Liaison Heishman for denying him access to the law library from August 22, 2019, to October 11, 2019, in violation of the Equal Protection Clause;

(3) DISMISSES Warden Hyatt, Classification Supervisor Clark, Unit Team Manager Angle, and Counselor Sterling;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Deputy Warden Hawk and Legal Liaison Heishman at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 30) as required by 28 U.S.C. § 1915(d);

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Deputy Warden Hawk and Legal Liaison Heishman to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Christopher G. Lewis has been granted leave to proceed in this screening order

SO ORDERED on August 26, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT