UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER G. LEWIS, **Plaintiff**, v. SHARON HAWK and ANGELA HEISHMAN, **Defendants**. | CASE NO. 3:19-CV-779-JD |

## OPINION AND ORDER

Christopher G. Lewis, a prisoner without a lawyer, is proceeding in this case on "a claim for money damages against Deputy Warden Hawk and Legal Liaison Heishman for denying him access to the law library from August 22, 2019, to October 11, 2019, in violation of the Equal Protection Clause." ECF 31 at 5. The defendants filed a summary judgment motion arguing Mr. Lewis did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). ECF 41. Mr. Lewis filed a response and supplement and the defendants filed a reply and surreply. ECF 53, 55, 56, 57.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust

remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in his own pleading, but rather must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Here, the parties do not dispute either the existence or terms of the grievance policy. Nor do they dispute Mr. Lewis's denial of access claim was grievable, or that he timely filed Grievance #109138 raising that claim. The dispute here is whether Mr. Lewis filed a timely appeal of the denial of Grievance #109138. Grievance Specialist Shawna Morson denied Mr. Lewis's grievance with a Grievance Response Report dated September 20, 2019. ECF 41-4 at 2. The Indiana Department of Correction's grievance process provides that an offender who disputes the denial of a grievance may file a formal, written Grievance Appeal to the Warden or the Warden's designee:

> If the offender is dissatisfied with the grievance response, he/she may appeal the response by completing the appropriate sections of State Form 45473, "Grievance Appeal." The completed State Form 45473, and any additional information, shall be submitted to the Offender Grievance Specialist within five (5) business days after receiving the grievance response. The submission of State Form 45473 shall serve as notice that the offender wants to appeal to the Warden/designee's office.

ECF 41-2 at 12.

The defendants do not dispute Mr. Lewis did not receive the September 20, 2019 Return of Grievance until September 23, 2019. They also do not dispute that he submitted an appeal of that grievance denial.[1] They argue, however, that his appeal was not timely because it was not received by the Grievance Specialist until October 4, 2019, more than five business days after September 23, 2019. *See* ECF 41-4 at 4 (October 4,

---

[1] While there is no State Form 45473 in the record, Mr. Lewis's appeal is shown by a second Return of Grievance dated October 4, 2019, which references "Appeal Request Grievance #109138." In addition, Ms. Morson admits in her declaration that Mr. Lewis "submitted an appeal." ECF 41-1 ¶ 24.

3

2019 Return of Grievance referencing "Appeal Request Grievance #109138" and indicating that "the form [was] too late"). Mr. Lewis, on the other hand, contends that his appeal was timely because he gave it to Counselor Sterling on September 30, 2019, which was five business days after September 23, 2019. The defendants do not dispute that Mr. Lewis submitted his appeal to Counselor Sterling within the required five days. They contend, however, that Mr. Lewis states only that he gave the appeal paper to Counselor Sterling, without stating whether he gave Counselor Sterling "instructions to send [it] to the Grievance Specialist." ECF 56 at 2. They further argue that giving the appeal to Counselor Sterling was not sufficient because the grievance process requires the appeal paper to be "submitted to *the Grievance Specialist.*" ECF 41-2 at 12 (emphasis added). In other words, the defendants' argument is that the words "submitted to" actually mean "received by." ECF 56 at 2. [2]

Mr. Lewis responds that no prisoner has access to the Offender Grievance Specialist to submit grievances directly to her, and that the practice instead is for prisoners to submit their grievances and/or requests to their Counselors for processing. He further contends that there would have been no need to instruct Counselor Sterling to give his grievance to the Grievance Specialist because Counselor Sterling obviously

---

[2] The Court notes that, apart from whether the defendants' interpretation of the words "submitted to" as meaning "received by" is correct, the record contains no evidence establishing the date on which Ms. Morson received Mr. Lewis's appeal from Counselor Sterling other than Ms. Morson's conclusory statement that it was received "too late." ECF 53-2 at 17. The Return of Grievance contains a box where the Grievance Specialist is supposed to write in the "Date grievance received," but instead of giving a date, Ms. Morson wrote in that box only the words "Appeal Request Grievance #109138." ECF 41-4 at 4. Thus, the defendants have not provided proper support for their supposed "undisputed" fact that Mr. Lewis's appeal was received by Ms. Morson on October 4, 2019. ECF 42 at 4 (¶ 19); *see also* ECF 42 at 6. Nevertheless, the Court will assume for present purposes that October 4, 2019 was the date that Ms. Morson received Mr. Lewis's appeal from Counselor Sterling.

4

knew from standard procedures that was what Mr. Lewis wanted him to do with it. ECF 57 at 1-2.

Nothing in Ms. Morson's declaration explains how an offender is to go about submitting a grievance to her let alone contradicts Mr. Lewis's explanation as to the standard procedure. The defendants have not met their burden of proving the procedure was other than explained by Mr. Lewis. The grievance process rules state the appeal must be "submitted to," not "received by," the Grievance Specialist by the applicable deadline. Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo*, 286 F.3d at 1024). But a prisoner may be excused from failing to exhaust if the grievance process was effectively unavailable. *Id.* at 102. Here the record shows that Mr. Lewis attempted to complete the grievance process by filing an appeal but that attempt was obstructed by the Grievance Specialist's refusal to accept his appeal despite his having given it within the deadline to Counselor Sterling for submission to Ms. Morson.

While the Court rejects the defendants' argument that Mr. Lewis failed to exhaust his administrative remedies because he filed an untimely appeal, the record indicates that Mr. Lewis did not properly exhaust for a different reason not argued by the defendants. Mr. Lewis submitted the original complaint to the Clerk's Office for filing through the Court's ECF system on September 12, 2019. ECF 2 at 15. It was received by the Clerk of Court and docketed on September 17, 2019. Mr. Lewis submitted his grievance on September 10, 2019 and it was accepted by Ms. Morson on

5

September 11, 2019, both before Mr. Lewis submitted his complaint in this case for filing. But Mr. Lewis did not receive a response to his grievance until September 23, 2019 and he did not attempt to file an appeal from that response until September 30, 2019, both *after* this lawsuit was filed. Mr. Lewis's attempted appeal was denied as untimely on October 4, 2019, again *after* his complaint was docketed and this lawsuit thereby initiated. In other words, the prison grievance process had not yet been completed at the time of filing of this lawsuit. "[T]he district court lacks discretion to resolve [an unexhausted] claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez*, 182 F.3d at 535. Mr. Lewis's later filed amended complaint raises the same issues against the same defendants named in the original complaint. Therefore, under the administrative exhaustion rule, Mr. Lewis was required to have exhausted his remedies prior to filing his original, not amended, complaint.[3]

Pursuant to Federal Rule of Civil Procedure 56(f)(2), the court may grant summary judgment on grounds not raised by a party but only "[a]fter giving notice and a reasonable time to respond." Accordingly,

(1) Mr. Lewis shall have until August 26, 2021 to file a supplemental brief in which he explains why the Court should not dismiss the action for failure to exhaust administrative remedies based on his filing of the original complaint before he received

---

[3] *Compare Barnes v. Briley*, 420 F.3d 673, 678 (7th Cir. 2005) ("When Mr. Barnes initially sued the CDC, he alleged no cause of action against the state defendants and therefore had no reason to exhaust administrative remedies with respect to them. The filing of the amended complaint was the functional equivalent of filing a new complaint, . . . and it was only at that time that it became necessary to have exhausted the administrative remedies against the state defendants.").

the denial of his grievance on September 23, 2019 and the denial of his attempted appeal on October 4, 2019.

    (2) The defendants shall have until fourteen days after Mr. Lewis files his supplemental brief to file their response.

    SO ORDERED on July 22, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT