UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER G. LEWIS,

    Plaintiff,

        v.                                          CASE NO. 3:19-CV-779-JD

SHARON HAWK and ANGELA
HEISHMAN,

    Defendants.

## OPINION AND ORDER

Christopher G. Lewis, a prisoner without a lawyer, is proceeding in this case on "a claim for money damages against Deputy Warden Hawk and Legal Liaison Heishman for denying him access to the law library from August 22, 2019, to October 11, 2019, in violation of the Equal Protection Clause." ECF 31 at 5. The defendants filed a summary judgment motion arguing Mr. Lewis did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). ECF 41. Mr. Lewis filed a response and supplement and the defendants filed a reply and surreply. ECF 53, 55, 56, 57.

In a prior order, the court found the defendants' argument that Lewis had not exhausted his administrative remedies because he did not file a timely appeal was not a basis for summary judgment because the appeal was improperly rejected as untimely. ECF 59. Nevertheless, the court found there was evidence in the record demonstrating Lewis had not exhausted his administrative remedies before filing this lawsuit. So,

pursuant to Federal Rule of Civil Procedure 56(f)(2), Lewis was given notice and time to respond. *Id*. After asking for additional time, Lewis filed a supplemental brief. ECF 64.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in his own pleading, but rather must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the

2

put up or shut up moment in a lawsuit." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Here, Lewis does not dispute the prison had a grievance system, the claims raised in this case were grievable, or that he filed Grievance #109138 raising these claims on September 10, 2019. ECF 41-4 at 1. Neither does he dispute he placed the original complaint for this lawsuit in the prison mail system on September 12, 2019. ECF 2 at 15. Nor does he dispute he had not exhausted his administrative remedies when he initiated this lawsuit. Rather, he argues he had to file this lawsuit before he had exhausted because he would have otherwise suffered irreparable harm as a result of not being able to access the law library to prepare filings needed in two cases pending in the Southern District of Indiana. He does not explain why he could not have merely asked to enlarge time in those cases if he believed he needed resources of the law library which he had been unable to access. Nevertheless, irreparable harm due to the loss of a lawsuit is much less serious than imminent danger of serious physical injury and "the imminent-danger exception [of 28 U.S.C. § 1915(g)] does not excuse a prisoner from exhausting remedies tailored to imminent dangers." *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1175 (7th Cir. 2010). The Indiana Department of Correction has gone farther than providing merely for imminent dangers, it provides for emergency grievances when "[t]he resolution of a grievance that if subjected to the normal time limits could cause the grievant substantial risk of personal injury or *irreparable harm*. Offender Grievance Process, Policy 00-02-301, 41-2 at 2 (emphasis added).

3

Here, it is seriously questionable whether Lewis had a colorable claim for irreparable harm. In the order denying his preliminary injunction motion in this case, the court explained how he had either met his deadlines or missed them for reasons unrelated to law library access and concluded by saying "the court cannot find that Lewis is likely to succeed on the merits of his claims or that he will suffer irreparable harm without injunctive relief." ECF 14 at 2. Nevertheless, if Lewis believed he faced irreparable harm when he filed his grievance, he could have so indicated and asked for it to be processed as an emergency grievance – he did not.

Lewis also argues that because the court knew he had not exhausted when it screened and granted him leave to proceed with this case, it should not now use Rule 56(f)(2) to grant summary judgment even though he had not exhausted his administrative remedies before filing this lawsuit. He notes he told the court he had not exhausted his administrative remedies when he wrote in his original complaint, "Although Lewis is already half way through the grievance process as set forth in the grievance policy, there is no way he will be able to navigate it completely in time to file this action . . .." ECF 2 at 11. In effect, Lewis is arguing that because the court mistakenly allowed him to proceed past screening, it should not now rectify that error. While it would have been a better use of both judicial resources and those of the parties if this case had been dismissed at screening, not doing so is not a basis for now overlooking that Lewis did not exhaust his administrative remedies before he filed this lawsuit. Rule 56(f)(2) permits this court to grant summary judgment in this case; so, it will be

4

dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 41);

(2) DISMISSES this case without prejudice; and

(3) DIRECTS the clerk to enter judgment and close this case.

SO ORDERED: September 13, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT