UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER G. LEWIS, <br><br> Plaintiff, <br><br> v. <br><br> SHARON HAWK and ANGELA HEISHMAN, <br><br> Defendants. | CASE NO. 3:19-CV-779-JD |

OPINION AND ORDER

Christopher G. Lewis, a prisoner without a lawyer, filed a motion pursuant to Federal Rule of Civil Procedure 60(b) asking the court to reconsider the order dismissing this case without prejudice because he had not exhausted his administrative remedies prior to filing this lawsuit. ECF 67. Lewis argues the court misapplied *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). He argues:

> In *Perez*, Summary Judgment was ruled in favor of the Defendants because, although *Perez* did file an Amended Complaint, the issues and the parties remained the same. Lewis' case differs from *Perez* in that Lewis' Second Amended Complaint raised for the first time a violation of the Equal Protection Clause. Because Lewis had completed the Grievance Process by the time he raised the Equal Protection claim for the first time in his Second Amended Complaint, this Court has jurisdiction over Lewis' suit, and his claims are therefore ripe.

ECF 67 at 2.

This argument is based on two factual errors. First, *Perez* makes no mention of an amended complaint. Second, though Lewis did not use the words *Equal Protection* in his original complaint, he alleged he was treated different than "other prisoners who are

similarly situated . . ..") ECF 2 at 7. This is the essence of an Equal Protection claim. *See Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012) (To state an "equal protection claim, [plaintiff] must allege that he was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." (internal quotation marks omitted)). In the order screening the original complaint, the court acknowledged the Equal Protection claim when it wrote, "Lewis further asserts that the lack of access to the law library violates his rights under the Equal Protection Clause." ECF 6 at 4.

Lewis argues the court improperly contrasted his case to *Barnes v. Briley*, 420 F.3d 673 (7th Cir. 2005), which held that after exhausting, an amended complaint satisfied the requirements of 42 U.S.C. § 1997e(a) and allowed the addition of new claims (42 U.S.C. § 1983) against new defendants (State actors) where the original complaint was solely against a federal defendant based on the Federal Tort Claims Act. This differentiation was not inappropriate because Lewis' amended complaint raised a previously presented claim against the same defendants.

Lewis argues the court should follow *Lunsford v. Jumao-As*, 155 F.3d 1178, 1179 (9th Cir. 1998) which held that exhaustion was not required in some circumstances. It is unnecessary to examine the details of *Lunsford* because it was abrogated by *Booth v. Churner*, 532 U.S. 731 (2001).

For these reasons, the Rule 60(b) motion is DENIED.

SO ORDERED on October 15, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT